IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY WADE JACKSON                                                                             PLAINTIFF

v.                                    Case No. 4:21-cv-04056

SHERIFF RUNION,
Miller County, Arkansas *et al*.                                                                 DEFENDANTS

**<u>ORDER</u>**

Timothy Wade Jackson filed this 42 U.S.C. § 1983 action *pro se* on August 31, 2021. ECF No. 1. That same day, the Court entered an order granting Plaintiff's *in forma pauperis* application. ECF No. 3. In response to that order, Plaintiff filed an Amended Complaint on September 22, 2021, to clarify his claims against Defendants. ECF No. 7. Before the Court is Plaintiff's failure to keep the Court informed of his address.

On September 30, 2021, the Court entered another order directing Plaintiff to file a Second Amended Complaint by October 21, 2021, to further clarify his claims. ECF No. 10. This order informed Plaintiff that failure to comply with the order by October 21, 2021, would result in his case being dismissed.[1] Plaintiff did not respond to the order directing him to file a Second Amended Complaint and the order was not returned to the Court as undeliverable.

On November 1, 2021, the Court entered an order directing Plaintiff to show cause by November 22, 2021, as to why he failed to file a Second Amended Complaint. ECF No. 12. On November 8, 2021, the show cause order was returned to the Court as undeliverable indicating "RETURN TO SENDER." ECF No. 13.

---

[1] That same day, the Court mistakenly entered an order to show cause relating to the order to file a Second Amended Complaint. ECF No. 11.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 7) is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 21st day of December 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge